STANDARD    BRIDGE    COMPANY,    APPELLEE,    V.    KEARNEY
COUNTY; JOEL HULL, APPELLANT.

FILED FEBRUARY 27, 1914.    No. 17,613.

1. **Counties: CONTRACTS: RATIFICATION.** County commissioners have power to ratify a contract made in behalf of the county by a member of the board, if it had power to enter into such contract and had power to authorize the member to execute the same in behalf of the county.

2. ————: BRIDGE REPAIRS: ADVERTISEMENT FOR BIDS. When two counties unite in a contract to repair a bridge over a stream which divides the counties, it is not necessary to publish the advertisement for bids in both counties. Publication in one county where the bids are to be opened is sufficient.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Joel Hull, J. L. McPheely* and *Brown, Baxter & Van Dusen,* for appellant.

*E. C. Strode, M. V. Beghtol* and *L. C. Paulson, contra.*

SEDGWICK, J.

This action is for repairs to the same bridge involved in *Buffalo County v. Kearney County, ante,* p. 439, and the principal question presented is the same as was presented in that case, which was decided against the appellant for the reasons there given. In this case the two counties entered into a contract with the plaintiff for the repairs of the bridge. The questions presented, not included in the case above referred to, are apparently two.

It is contended that the contract was invalid, because it was not duly authorized by the defendant county, and because the notice of the proposed letting of the contract was not published in both counties. It appears from the record that the county board of the defendant county resolved to enter into a joint contract with the county of Buffalo for these repairs. Mr. Bloodgood, a member of the county board of the defendant county, and one of the bridge committee of that board, attended a meeting of the county board of the county of Buffalo at the opening of the bids, and he testified that the bridge committee, of which he was a member, was authorized to examine the bridge and ascertain whether the repairs were necessary, and that he himself was authorized, after it was found that repairs were necessary, to execute in behalf of the defendant county a joint contract with the county of Buffalo for the repairs of the bridge. This was probably not the best

evidence, as the records of the proceedings of the county board of the defendant county would be conclusive evidence of the action of that board. When the bids were opened, and the plaintiff was found to be the lowest and best bidder, the contract was entered into, and Mr. Bloodgood executed it for the defendant county, and afterwards reported to the county board his action in the premises. The record shows that the county board of the defendant county has taken numerous actions predicated upon the validity of the contract so executed, and it is conceded that the action of the county board would have amounted to a ratification of the contract if the board had power to so ratify it; but it is insisted and numerous cases are cited showing that the county board would have no power to ratify a contract which it was beyond its power to enter into, and it is attempted to apply these authorities to the action of the county board in ratifying the action of the member of its bridge committee. Of course this position is not well taken. The county board of the defendant county had full power under the statute to enter into this contract in the first place. It had also full power to authorize its bridge committee to enter into the contract in its behalf. It therefore, under the authorities cited, had full power to ratify the acts of its agent in executing the contract.

It is conceded that the notice for the reception of bids was published in Buffalo county, and the contention is that it should have been published in the defendant county also. There is, however, no warrant for this contention in the statute. Those sections of the statute providing for the joint action of the counties in repairing bridges contain no provision in regard to the publication of the notice. The section of the statute which provides for the publication of notice is 2964, Rev. St. 1913: "Before any contract shall be let as aforesaid, the county board shall cause to be published for four consecutive weeks, in a newspaper printed and of general circulation in the county, and if there be no newspaper printed in the county, then in a newspaper of general circulation in the county, an

advertisement inviting contractors to compete for such work." We have found no provision in the statute requiring a publication of advertisement for bids in both counties in case of joint contracts of two counties for the repair of a bridge. The trial court correctly instructed the jury to find a verdict for the plaintiff. In such case no other instructions are necessary, and errors in refusing such instructions, if any, are without prejudice.

The judgment of the district court is

AFFIRMED.